■ PETER A. A. BERLE, as Commissioner of Environmental Conservation of the State of New York, Appellant, v BIO-TECH MILLS, INC., Respondent.— Appeal from an order of the Supreme Court at Special Term, entered August 22, 1978 in Albany County, which denied plaintiff's motion for summary judgment. On February 24, 1977 the Department of Environmental Conservation (En Con) granted a State pollutant discharge elimination

system (SPDES) permit pursuant to title 8 of ECL article 17 of the Environmental Conservation Law (ECL) to defendant Bio-Tech Mills, Inc. (Bio-Tech), which owns and operates a paper mill in Battenville, New York. The SPDES permit allowed Bio-Tech to discharge its industrial wastes under certain conditions into the waters of the Battenkill, a classified stream. On July 7, 1977 the Commissioner of En Con issued an order requiring Bio-Tech to submit a report of pollution equipment purchases; to commence and complete construction of approved water waste treatment facilities within certain time periods; and to attain the allowable operational effluent limits described in the SPDES permit. The commissioner thereafter commenced this action to (1) enjoin Bio-Tech from discharging its industrial wastes into the Battenkill; (2) compel Bio-Tech to comply with the requirements of its SPDES permit; (3) assess $10,000 in civil penalties against Bio-Tech for each day of its alleged violation of the commissioner's order referred to above; and (4) assess $10,000 in civil penalties against Bio-Tech for each day of its alleged violation of the provisions of ECL article 17. The commissioner then moved for summary judgment which Special Term denied. In its answer, Bio-Tech denied the material allegations of the complaint, and in an opposing affidavit executed by a licensed professional engineer, Bio-Tech alleged facts showing that the supporting affidavit of the commissioner's professional engineer contained erroneous facts, conclusions and personal opinions. The opposing affidavit further showed that the supporting affidavit of a biologist employed by En Con was based upon observations and conclusions which were without foundation in fact. Bio-Tech also submitted affidavits showing that the fish population in the vicinity of its paper mill contradicted the biologist's conclusions. Bio-Tech contends that it was entitled to review the test results found by the commissioner's engineer and examine his method of testing, as well as the conditions existing at the time of the tests. Summary judgment is a drastic remedy which should not be granted where factual issues are raised which can only be resolved by a trial. In view of Bio-Tech's contentions, the commissioner has failed to come forward with clear and convincing evidence required before statutory penalties may be imposed (see 44 NY Jur, Penalties and Forfeitures, § 17). Thus, Special Term properly rejected the commissioner's invitation to summarily assess substantial penalties and order injunctive relief, since the allegations contained in the pleadings raise substantial fact questions requiring a trial for their resolution. Order affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.